UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Edward Smith,
    Petitioner,

vs.

Case No. 1:07cv983
(Dlott, J.; Hogan, M.J.)

Warden, Southern Ohio
Correctional Facility,
    Respondent.

---

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court for ruling on petitioner's motion for summary judgment (Doc. 5), as well as respondent's motion to dismiss filed June 4, 2008 (Doc. 8) which petitioner opposes (Doc. 9).

### Procedural Background

On August 11, 1999, petitioner was convicted of murder with firearm specification in the Hamilton, County, Ohio, Court of Common Pleas; on September 1, 1999, he was sentenced to consecutive terms of imprisonment of fifteen (15) years to life for the murder offense and three (3) years on the specifcation. (Doc. 8, Exs. 1-2).

After exhausting state court remedies, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 with this Court on November 26, 2001, raising ten grounds for relief challenging his murder conviction and sentence. (*See Smith v. Brigano,* Case No. 1:01cv814 (Dlott, J.; Black, M.J.), Docs. 1, 20). On September 2, 2004, the Court adopted the magistrate judge's Report and Recommendation to deny the petition with prejudice, and on June 2, 2005, the United States Court of Appeals for the Sixth Circuit denied petitioner's motion for a certificate of appealability. (*See id.,* Docs. 20, 25, 26, 40).

Over a year and one-half later, on January 17, 2007, petitioner filed a second petition for habeas corpus relief pursuant to 28 U.S.C. §§ 2241 and 2254 with this Court. (*Smith v. Warden, Southern Ohio Correctional Facility,* Case No. 1:07cv32 (Spiegel, S.J.; Black, M.J.), Doc. 1). On September 12, 2007, the Court adopted the magistrate judge's Report and Recommendation to transfer the petition to the Sixth Circuit for determination as to whether or not the district court would be allowed to consider the successive petition. (*Id.,* Docs. 7, 10). In so ruling, the Court rejected petitioner's objections based on the premise that his sentence on the firearm specification was made pursuant to a federal criminal statute, 18 U.S.C. § 924(c), which had not been previously challenged and which was subject to attack on the grounds that (1) Ohio lacked jurisdiction to prosecute, convict and sentence petitioner under the federal statute; and (2) the prosecution had failed to meet its burden of proof under *Bailey v. United States,* 516 U.S. 137 (1995). (*Id.,* Doc. 10, pp. 2-3, 5). The Court reasoned:

> Petitioner's objection misidentifies the firearm specification under which he was convicted and sentenced. 18 U.S.C. § 924(c) is a federal firearms sentencing specification. It imposes sentences ranging from five to twenty-five years on any person who uses, carries, or possesses a firearm during or in furtherance of any crime of violence or drug trafficking offense. *Bailey* . . . interpreted "use" in this statute to require "active employment" of the firearm, such as brandishing, displaying, or most obviously, firing it. . . . However, Petitioner was tried and convicted in state court of a state crime. The relevant sentencing specification is O.R.C. 2941.145, imposing a mandatory three year sentence to be served consecutively if the offender used a firearm during the offense. Petitioner's reliance on 18 U.S.C. § 924(c) and cases interpreting it is therefore misplaced. Even if 18 U.S.C. § 924(c) was at issue in this case, Petitioner's objection does not address the issue at hand. No reasons are

2

offered to explain why the current petition does not constitute a successive petition. . . .

(*Id.*, p. 5).

Respondent states that "[a]s of this date, the Sixth Circuit has not ruled on the issue of whether to allow petitioner's second petition to proceed." (Doc. 8, p. 2).

The instant petition brought under 28 U.S.C. § 2241 is the third habeas corpus application that petitioner has filed with this Court. It appears from the face of the petition that petitioner again seeks to challenge his 1999 conviction and sentence for murder and attached firearm specification. (*See* Doc. 1). Petitioner specifically contends, as he did in his objections to the transfer of his second habeas application to the Sixth Circuit as a successive petition, that the trial court erred in imposing consecutive sentences "for the felony weapon gun charge, 18 [U.S.C.] § 924(c), by the federal government." (*See id.*, p. 2).

Respondent has filed a motion to dismiss this most recent petition. (Doc. 8). Petitioner opposes the motion (Doc. 9), and also has filed a motion for summary judgment (Doc. 5).

## OPINION

In the instant action, petitioner has not alleged a cognizable, viable claim for relief which this Court has jurisdiction to consider.

First, as the District Court found in rejecting petitioner's objections to the transfer of his second successive petition to the Sixth Circuit, petitioner has "misidentifie[d] the firearm specification under which he was convicted and sentenced." (*See Smith v. Warden, Southern Ohio Correctional Facility*, Case No. 1:07cv32 (Spiegel, S.J.; Black, M.J.), Doc. 10, p. 5). Respondent asserts that the "United States has diligently searched its records and has found no federal conviction, concerning the petitioner, under 18 U.S.C. § 924(c)." (Doc. 8, p. 2). In any event, the Court already has determined in petitioner's second habeas action that petitioner was convicted and sentenced of a firearm specification under Ohio Rev. Code § 2941.145, which imposes "a mandatory three year sentence to be served consecutively if the offender used a firearm during the offense." (*Smith v. Warden, Southern Ohio*

3

*Correctional Facility,* Case No. 1:07cv32 (Spiegel, S.J.; Black, M.J.), Doc. 10, p. 5).

Second, this Court is concerned that petitioner is seeking to circumvent the statutory restrictions on the filing of successive § 2254 petitions, which was enforced in the prior habeas case, by styling the instant petition as being brought pursuant to 28 U.S.C. § 2241 in order to challenge a federal conviction under the "savings clause" of 28 U.S.C. § 2255. As discussed above, petitioner was tried, convicted and sentenced in state court pursuant to state law. In any event, this Court should not allow petitioner to circumvent the District Court's decision to transfer petitioner's second habeas petition as a successive petition to the Sixth Circuit, especially given that the Court in that case expressly rejected petitioner's contention that the second petition did not constitute a successive petition because "18 U.S.C. § 924(c) was at issue in this case."

Accordingly, the Court concludes that petitioner has failed to state a viable constitutional claim in his third habeas application challenging his 1999 murder conviction with firearm specification, which may be reviewed by this Court absent the Sixth Circuit's authorization. It is therefore **RECOMMENDED** that respondent's motion to dismiss (Doc. 8) be **GRANTED** and that petitioner's motion for summary judgment (Doc. 5) be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED,** and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. Petitioner's motion for summary judgment (Doc. 5) be **DENIED**.

3. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice because petitioner has not stated a "viable claim of the denial of a constitutional right" or which is "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4

    4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/28/08

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-983grant-mtd.2241pet.stateconviction.wpd

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Smith,
    Petitioner,

    v.

Warden, Southern Ohio
Correctional Facility,
    Respondent.

Case No. 1:07cv983
(Dlott, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward Smith
A346408
SOCF PO Box 45699
Luscasville, OH 45699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    7007 0710 0000 8130 4969

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv983 Doc. 10